**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**K.P.,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-729
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**RED ROOF INNS, INC., *et al.*,**

**Defendants.**

**OPINION & ORDER**

Defendants Red Roof Inns, Inc., RRF Holding Company, LLC, Red Roof Franchising, LLC, RRI West Management, LLC, and BW RRI I, LLC's (the "RRI Defendants") Motion to Transfer Venue (Doc. 41) is before the Court. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff K.P., a resident of Illinois, filed this lawsuit in June 2026 under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (Doc. 1). Briefly, Plaintiff alleges that she was trafficked for sex from for thirteen months between 2025 and 2026 at a Red Roof Inns in Rockford, Illinois. (*Id.* at ¶¶ 1–2, 20). She further asserts that Defendants knew or should have known that sex trafficking occurred on their property; they knew or should have known of Plaintiff's sex trafficking; and they enabled and benefitted from Plaintiff's sex trafficking. (*Id.* at ¶ 3).

Relevant here, Plaintiff alleged venue is proper because "each Defendant resides in this District" and because "a substantial part of the acts and omissions giving rise to Plaintiff's claims—including Defendants' franchising, branding, policymaking, training, oversight, and revenue-

related conduct connected to the Subject Red Roof Inn—occurred in this District." (*Id.* at ¶ 16). Shortly after answering Plaintiff's Complaint, the RRI Defendants moved to transfer this case to the Northern District of Illinois under 28 U.S.C. § 1404(a). (Doc. 41). Plaintiff opposes the transfer, and this matter is ready for review. (Docs. 41, 44, 45).

## II. STANDARD

The RRI Defendants' Motion is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties . . . in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." They bear the burden of showing a change of venue is warranted. *Slate Rock Const. Co. Ltd. V. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 3841691, at *5 (S.D. Ohio Aug. 30, 2011) (citing *Jamhour v. Scottsdale, Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)).

Up front, a court must determine "whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). This probes whether the potential transferee court has subject matter jurisdiction, whether venue is proper, and whether the defendant is amendable to process issuing out of the transferee court. *Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (citation omitted). Next, a court evaluates convenience to parties, as well as other public and private interest factors. *See Kay*, 494 F. Supp. 2d at 849. Private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 850 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)); *see also W. Am. Ins.*

*Co. v. Potts*, 908 F.2d 974 (Table) (6th Cir. 1990). As for the public-interest inquiry, it "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 62 n.6 (2013) (internal quotation omitted). Finally, the Court considers whether the transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a). This includes consideration of judicial economy and the desire to avoid inconsistent judgments. *North v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

Ultimately, the Court has broad discretion to transfer a case under Section 1404. *See, e.g.*, *Power Distributors, LLC v. Snowdog LLC*, No. 2:25-CV-643, 2025 WL 3187130, at *3 (S.D. Ohio Nov. 14, 2025).

## III. DISCUSSION

As noted above, the RRI Defendants move for the Court to exercise its discretion and transfer this case to the Northern District of Illinois. (Doc. 41). They argue that transfer serves the convenience of the parties and the witnesses and promotes the interest of justice. (*Id.* at 1). They point out that Plaintiff alleges she was trafficked only in the Northern District of Illinois and Illinois is her "home turf." (*Id.* at 1–3). The RRI Defendants also say private venue factors weigh in favor of transfer because witnesses and evidence are in the Northern District of Illinois. (*Id.* at 4–5). More specifically, the RR Defendants say that likely none of Plaintiff's alleged traffickers, hotel staff members, local law enforcement, or Plaintiff's family, friends, or healthcare providers are in Ohio. (*Id.* at 4). And these people would be beyond the Court's subpoena. (*Id.*). The public factors too weigh in favor of transfer, say the RRI Defendants, because Illinois has an interest in trafficking that is alleged to have happened there. And while the RRI Defendants acknowledge

this Court's numerous venue determinations in TVPRA cases, it contends an individualized review of this case leads to transfer. (Doc. 45 at 1–2).

The District Judge for this Court's TVPRA cases held that "absent jurisdictional or venue deficiencies, this Court will not exercise its discretionary power to transfer the cases to a different district court pursuant to § 1404." *In re Hotel TVPRA Litig.*, No. 2:22-CV-1924, 2023 WL 3075851, at *21 (S.D. Ohio Apr. 25, 2023). He explained:

> the Court must grapple with the realistic effects and consequences of transferring these cases to districts across the country. Sex trafficking inherently is a covert, yet pervasive, industry that results in "crime[s] of violence with [their] roots, with [their] genesis, in economics." *United States v. White*, Case 2:17-cr-021, ECF No. 46 (S.D. Ohio 2018) (Marbley, J.). The 2008 amendments to the TVPRA, adding the direct civil liability provision under § 1595, indicates that Congress intended to hold responsible not only traffickers, but anyone who "knew or should have known" they participated in a venture in violation of federal sex trafficking laws. *Schair*, 2014 WL 12495639, at *3 (the 2008 amendments broadened the parties who could be sued for trafficking violations from only the perpetrator). Because the public interest factors are the dominant factors in this analysis and they weigh against transfer of all but six of the cases in which this Court either lacks personal jurisdiction or venue is improper, it is in the interest of fairness and judicial integrity to allow these cases to proceed to the merits in a district well-versed in the controlling law and that has a strong interest in enforcing the TVPRA under the beneficiary theory. Transferring these cases does not serve the interest of justice substantially more than this district, but only distracts from the merits of this litigation.
>
> ***
>
> [T]he changing litigation landscape requires this Court to reconsider its previous calculus in C.T. regarding the § 1404(a) factors. The public interest factors have become demonstrably more important, requiring this Court to consider the impact of transferring these cases as a whole, and not in isolation.

*Id.* (citation omitted). Since then, this Court has repeatedly denied motions to transfer venue where the corporate defendants—Red Roof Inns, Inc. and its related corporate entities—are located in the Southern District of Ohio. (*See, e.g.*, Case Nos. 2:22-cv-03799; 2:24-cv-00389; 2:24-cv-

03076; 2:24-cv-03113; 2:24-cv-03919; 2:24-cv-3991; 2:24-cv-03998; 2:24-cv-04058; 2:24-cv-04061; 2:24-cv-04141; 2:25-cv-00486; 2:25-cv-00965; 2:26-cv-00321; 2:26-cv-350).

In the present case, the RRI Defendants do not persuade the Court that it should reach a different outcome. Concerning the location of witnesses, as this Court has stated before:

> [T]here is no guarantee that non-party witnesses will be located at the scene of their trafficking when years have passed since [plaintiffs] were trafficked . . . Additionally, regardless of where this litigation is brought, there is no guarantee that non-party witnesses will be present or respond to subpoena . . . And because Red Roof has its principal place of business in the Southern District of Ohio, transfer would not necessarily make litigation more convenient, as it would still inconvenience Defendants by requiring their executive witnesses to travel.

*A.M.G. v. Red Roof Inns, Inc.*, No. 2:23-CV-04195, 2025 WL 588645, at *5 (S.D. Ohio Feb. 24, 2025) (citations and internal quotation marks omitted); *see also L.M. v. G6 Hosp., LLC*, No. 2:24-CV-04168-ALM-EPD, 2025 WL 2772483, at *11 (S.D. Ohio Sept. 29, 2025) ("[A] generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to support a change of venue." (citation omitted)). This remains true even though, as the Red Roof Defendants highlight, Plaintiff alleges she was trafficked as recently as this year. (Doc. 45 at 4). In the end, some inconvenience would permeate this case no matter where it is litigated.

Additionally, nothing in the record of this case indicates that the importance of the public interest factors has diminished. What's more, retaining this case serves the interests of justice, especially when considering judicial economy. *See* 28 U.S.C. § 1404(a); *North*, 47 F. Supp. 3d at 648. For example, the Undersigned instituted discovery protocols to increase efficiency and conserve judicial and parties' resources across the TVPRA cases. (*See*, *e.g.*, Case No. 2:19-cv-755 at Doc. 247 (setting monthly status conferences and report deadlines for all TVPRA cases before the Undersigned)). Finally, the RRI Defendants do not challenge jurisdiction or venue (*see*

*generally* Doc. 41), and the Court finds that it has personal jurisdiction and the Southern District of Ohio is a proper forum pursuant to 28 U.S.C. § 1391(b)(1), (c)(2), (d).

Considering the District Judge's prior holding, the RRI Defendants' failure to distinguish this case, judicial economy weighing more against transfer, and the absence of jurisdictional or venue deficiencies, the Court declines to transfer this case.

## IV. CONCLUSION

For the foregoing reasons, the RRI Defendants' Motion to Transfer Venue (Doc. 41) is **DENIED**.

IT IS SO ORDERED.

Date: October 30, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE